**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Christine Tuma, | |
| Plaintiff, | |
| v. | Case No. 24-cv-8307 |
| Hawthorne Race Course, Inc.; Jim Miller; John Walsh; Dave White; Illinois Racing Board; Dawn Folker-Calderon; Beth Beuchler; Thomas Kelley; and John Eddy, | Hon. Jeffrey I. Cummings |
| | Magistrate Judge Jeffrey T. Gilbert |
| Defendants. | |

**DEFENDANTS' JOINT MOTION TO STAY DISCOVERY**
**PENDING RULING ON THEIR MOTIONS TO DISMISS**

### Introduction

Plaintiff Christine Tuma ("Plaintiff"), a veterinarian formerly employed by Hawthorne Race Course, Inc. ("Hawthorne"), has filed an 8-count, 294-paragraph complaint, asserting four RICO counts and four state-law counts. Plaintiff asserts that Hawthorne wrongfully terminated her employment as a Hawthorne veterinarian after she blew the whistle on what she believed to be improper practices by individuals from Hawthorne and the Illinois Racing Board that purportedly allowed unsound horses to race at Hawthorne for the purpose of increasing parimutuel betting.

The Hawthorne Defendants (Hawthorne Race Course, Inc.; Jim Miller; John Walsh; and Dave White) and the State Defendants (Illinois Racing Board, Dawn Folker-Calderon, Thomas Kelley, and John Eddy) have moved to dismiss the RICO claims for failure to state a claim. *See* ECF. 22 and 27.[1] Additionally, the Hawthorne Defendants moved to dismiss Count VII (civil conspiracy) and to strike certain paragraphs in the Complaint pursuant to Fed. R. Civ. P. 12(f).The

---

[1] Because defendant Dr. Beth Beuchler's responsive pleading is not yet due, and an attorney has not yet filed an appearance on her behalf, references to "Defendants" or "Hawthrone Defendants" do include her.

State Defendants also seek to dismiss the state-law claims on immunity grounds and for failure to state a claim. *See* ECF 25 and 26. The motions challenge all the RICO claims on multiple grounds, including for lack of standing because Plaintiff cannot show that her injuries from an alleged retaliatory discharge directly caused her to suffer any injury to her "business or property" "by reason of" a RICO violation. The motions also request the Court to decline to exercise supplemental jurisdiction over the state-law claims if it dismisses the RICO claims.

If the Court grants the motions to dismiss and declines to exercise supplemental jurisdiction over the state-law claims, this case will end in federal court. Moreover, the dismissal of the RICO and civil conspiracy claims would significantly impact the scope of discovery in this matter, resulting in the dismissal of most of the defendants and turning this case into what it actually is— an employment dispute over Plaintiff's layoff. Under these circumstances, the Court should stay discovery pending a ruling on Defendants' motions. Courts routinely stay discovery in cases, like this one, where a potentially dispositive motion to dismiss raises threshold standing and immunity issues, and where the requested stay serves the interest of simplifying issues, will not present any undue prejudice or tactical disadvantage, and will preserve the resources of the parties and reduce the burdens on the Court.

**Argument**

Federal Rule of Civil Procedure 26 gives courts "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." Fed. R. Civ. P. 26(c), (d); *Crawford-El v. Britton*, 523 U.S. 574, 599 (1998). Stays of discovery pending a ruling on a motion to dismiss are "granted with substantial frequency." *Bilal v. Wolf*, No. 06-cv-6978, 2007 U.S. Dist. LEXIS 41983, at *3–4 (N.D. Ill. Jun. 6, 2007). Such stays are "not disfavored and are often appropriate where the motion to dismiss can resolve the case—at least as to the moving party." *Id.* In deciding

whether to stay discovery, courts consider whether a stay will: (1) "simplify the issues in question and streamline the trial," (2) "unduly prejudice or tactically disadvantage the non-moving party," and (3) "reduce the burden of litigation on the parties and on the court." *Rodriguez v. Ford Motor Co.*, No. 21-cv-2553, 2022 U.S. Dist. LEXIS 41641, at *4 (N.D. Ill. Mar. 9, 2022). Here, all three factors support a stay of discovery.

### 1. Simplification of the Issues

The first factor, whether a stay will simplify the issues, weighs heavily in favor of staying discovery. Stays are "often appropriate" where a motion to dismiss can resolve the entire case, particularly where the defendant has raised an immunity defense, or where the issue presented by the motion is a threshold one, such as jurisdiction or standing. *See Bilal*, 2007 U.S. Dist. LEXIS 41983, at *4. "[T]he fact that the issues raised could potentially be dispositive weighs in favor of staying discovery." *Rodriguez*, 2022 U.S. Dist. LEXIS 41641, at *4; *see also Sadler v. Retail Props. of Am.*, No. 12 C 5882, 2013 U.S. Dist. LEXIS 206557, at *8 (N.D. Ill. Sept. 27, 2013) (staying discovery because defendants filed motions to dismiss that were "potentially dispositive" and "not frivolous").

Both motions to dismiss raise a threshold and potentially dispositive standing issue; namely, that Plaintiff does not have standing to recover damages under RICO for her claimed injuries that stem from the alleged wrongful termination of her employment in violation of Illinois law. That is not an injury "to business or property" "by reason of" a RICO violation. The State Defendants also raise the threshold issue that the Illinois Racing Board is immune from suit under the Eleventh Amendment, and all the State Defendants are entitled to qualified immunity and state sovereign immunity.

Courts stay discovery where, as here, a motion to dismiss presents a potentially case-

dispositive standing issue. *See, e.g.*, *In re Clearview Ai*, No. 21 C 135, 2021 U.S. Dist. LEXIS 238261, at *7 (N.D. Ill. Aug. 31, 2021) ("In light of that potentially-dispositive standing argument, the Court finds that a temporary stay of discovery as to Macy's is warranted"); *Sparger-Withers v. Taylor*, No. 21-cv-2824, 2022 U.S. Dist. LEXIS 73039, at *7 (S.D. Ind. Apr. 21, 2022) ("The defect cited in the motion to dismiss, lack of standing, is a 'threshold' issue that justifies granting a stay in this instance"); *Nexstar Broad., Inc. v. Granite Broad. Corp.*, No. 11 C 249, 2011 U.S. Dist. LEXIS 105056, at *8–9 (N.D. Ind. Sept. 15, 2011) (staying discovery where motion to dismiss was potentially dispositive and raised standing issue).

Courts also have repeatedly held that discovery and other proceedings should not be permitted until the threshold question of the State's immunity is resolved. *See Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) (holding that, where defendant raises immunity, plaintiff not entitled to discovery, "cabined or otherwise," to preserve immunity defense); *see also Bouchard v. Florida Dept. of Environmental Protection,* 91 F.3d 1445 (11th Cir. 1996) (holding that district court abused its discretion in ordering state department to mediate without first addressing Eleventh Amendment immunity issue); *Lee v. Kansas State University,* 2012 WL 6100229 (D. Kan. 2012) (refusing to allow discovery pending decision on Eleventh Amendment immunity); S*mith v. Krieger,* 2008 WL 2900910 (D. Col. 2008) (same); *Jones v. Kansas,* 2012 WL 5362905 (D. Kan. 2012) (same). The State should not have to bear the burden of litigation, including discovery, until the State Defendants' immunity defenses are resolved by this Court.

In short, a stay of discovery is appropriate here because Defendants' pending motions to dismiss raise threshold issues of standing and immunity that, if granted, will not only simplify the issues, but will dispose of the entire case in federal court.

### 2. Undue Prejudice or Tactical Disadvantage

The second consideration also favors a stay, because Plaintiff cannot show she would suffer

undue prejudice or tactical disadvantage if the Court stays discovery while the Court considers Defendants' motions to dismiss. Delay by itself "does not constitute undue prejudice." *See, e.g.*, *Black & Decker, Inc. v. Positec USA, Inc.*, No. 13-cv-3075, 2013 U.S. Dist. LEXIS 153795, at *6 (N.D. Ill. Oct. 1, 2013); *see also Nat'l Police Ass'n*, 2021 U.S. Dist. LEXIS 224410, at *6 (ruling that "while a stay necessarily slows the progression of a case, a short delay on its own does not constitute undue prejudice"). Particularly where, as here, the motions to dismiss raise a threshold standing issue that could dispose of the entire case, plus significant immunity issues, "a small delay in discovery while awaiting adjudication of the motion is reasonable" and "will not unduly prejudice any party." *In re Clearview Ai*, 2021 U.S. Dist. LEXIS 238261, at *7.

Any potential prejudice from a stay also will be mitigated by a prompt ruling on the motions to dismiss. "[T]he general prejudice of waiting for the Court to rule on the motion to dismiss, which it plans to do expeditiously, is not a reason to deny the stay." *Rodriguez*, 2022 U.S. Dist. LEXIS 41641, at *2; *see also Spencer Trask Software & Info. Servs. v. RPost Int'l*, 206 F.R.D. 367, 368 (S.D. N.Y. 2002) ("[T]he Court intends to decide the motion expeditiously and thus the stay will neither unnecessarily delay the action nor prejudice the plaintiffs thereby"); *NRA of Am. v. Cuomo*, No. 180-cv-566, 2020 U.S. Dist. LEXIS 234145, at *18 (N.D. N.Y. Dec. 14, 2020) ("Should the District Judge deny the motions to dismiss and discovery moves forward, plaintiff's prejudice is minimal as the stay will very likely be brief").

Plaintiff's ability to litigate this case will not be compromised by a short stay of discovery. Defendants understand they must preserve relevant evidence (and have asked Plaintiff to do the same). The ability to obtain any necessary discovery after the motions to dismiss are resolved weighs in favor of the requested stay. *See Rodriguez*, 2022 U.S. Dist. LEXIS 41641, at *2l; *Sadler*, 2013 U.S. Dist. LEXIS 206557, at *8 ("granting the stay will not unduly prejudice or tactically

disadvantage the Plaintiffs because they may obtain the documents at a later date, if necessary and permissible"); *Nat'l Police Ass'n v. Gannett Co.*, 2021 U.S. Dist. LEXIS 224410, at *6 ("general assertions" that "memories may fade, and documents may be inadvertently destroyed" are "insufficient to justify a conclusion of undue prejudice").

### 3. Burden of Litigation on the Parties and the Court

Finally, the third factor, which considers the burden of litigation on the parties and the Court, also strongly supports a stay. If Plaintiff is allowed to proceed with her RICO claims, the scope of discovery will be substantially more complex than the discovery that might be needed to address her state-law wrongful discharge claims. "District courts have stayed discovery in a variety of complex cases." *Coss v. Playtex Prods., LLC*, No. 08 C 50222, 2009 U.S. Dist. LEXIS 42933, at *9 (N.D. Ill. May 21, 2009). The Seventh Circuit has confirmed that "RICO cases, like antitrust cases, are 'big' cases and the defendant should not be put to the expense of big-case discovery on the basis of a thread-bare claim." *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797 (7th Cir. 2008). Granting a stay here will ensure that Defendants, a number of whom are state officials, are not forced to expend time and resources on discovery that will have been unnecessary if the Court dismisses the case. *See Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (noting that litigation "exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government"). With respect to the Hawthorne Defendants, the scope and complexity of discovery in RICO case is far more significant than discovery in a wrongful discharge matter, which is what this case would be if the Court grants the Hawthorne Defendants' Motion to Dismiss.

The specter of ESI discovery also supports a stay here. To the extent such discovery is permitted, it can be expensive (depending on volume, defendants could need to retain an outside

vendor to store data and furnish licenses for document review software) and time consuming. *See, e.g., Tallentine v. Turner Corp.*, No. 07-cv-692, 2010 U.S. Dist. LEXIS 159847, at *11–12 (S.D. Ohio Sept. 21, 2010) ("the increasing amount of electronic information in the parties to litigation has caused discovery in some cases to become increasingly complex and expensive," with "the ESI-discovery-tail wagging the poor old merits-of-the-dispute dog"). At the very least, staying discovery until the Court rules on Defendants' pending motions to dismiss will ensure that the parties and the Court avoid discovery disputes that will prove unnecessary if defendants' motion is granted. *See Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 359–60 (D. Md. 2008) (discussing costs of ESI and related motion practice).

### Conclusion

For these reasons, this Court should stay discovery in this case pending a ruling on The State Defendants' and Hawthorne Defendants' motions to dismiss, which are potentially dispositive and raise threshold issues of standing and immunity from suit.

| | |
|---|---|
| Dated: November 22, 2024 | Respectfully submitted, |
| Hawthorne Race Course, Inc.; Jim Miller; John Walsh; and Dave White | Illinois Racing Board, Dawn Folker-Calderon, Thomas Kelly, and John Eddy |
| /s/ Antonio Caldarone<br>One of their Attorneys | /s/ R. Douglas Rees<br>Deputy Attorney General, Civil Litigation |
| Antonio Caldarone<br>Kyle T. Geiger<br>Alex Levin<br>Laner Muchin<br>515 N. State Street, Suite 2400<br>Chicago, IL 60654<br>Phone: 312-467-9800<br>*acaldarone@lanermuchin.com*<br>*kgeiger@lanermuchin.com*<br>*alevin@lanermuchin.com* | R. Douglas Rees<br>Michael T. Dierkes<br>Office of the Illinois Attorney General<br>115 S. LaSalle Street<br>Chicago, Illinois 60603<br>Phone: (312) 814-3498/3672<br>*richard.rees@ilag.gov*<br>*michael.dierkes@ilag.gov* |